EURASIA IMPORT CO., INC. *v.* UNITED STATES (No. 4433)[1]

[1] C. A. D. 265.

United States Court of Customs and Patent Appeals, January 3, 1944.

*James W. Bevans* for appellant.

*Paul P. Rao*, Assistant Attorney General (*Joseph F. Donohue*, special attorney, of counsel) for the United States.

[Oral argument December 8, 1943, by Mr. Bevans and Mr. Donohue]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

This is an appeal by the importer and plaintiff below from a judgment of the United States Customs Court, Third Division, overruling the six protests of appellant and holding that the collector had properly assessed duty upon the value of the merchandise appraised as entered.

In accordance with the protests appellant contends that the liquidations by the collector were illegal and void, for the reason that they were based upon appraisements which were erroneous because of the inclusion by the appraiser of items claimed to be nondutiable. The alleged nondutiable charges are variously described in the protests as: "Regulation Fee," "Control Fee," "Association Fee," and "Commission." They are all to the same general effect as far as the issue here is concerned.

The relevant provisions of the Tariff Act of 1930 under which the involved merchandise was imported read as follows:

SEC. 402. VALUE.

(a) BASIS.—For the purposes of this Act the value of imported merchandise shall be—

(1) The foreign value or the export value, whichever is higher;

\*     \*     \*     \*     \*     \*     \*

(c) FOREIGN VALUE.—The foreign value of imported merchandise shall be the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

SEC. 500. DUTIES OF APPRAISING OFFICERS.

(a) APPRAISER.—It shall be the duty of the appraiser under such rules and regulations as the Secretary of the Treasury may prescribe—

(1) To appraise the merchandise in the unit of quantity in which the merchandise is usually bought and sold by ascertaining or estimating the value thereof by all reasonable ways and means in his power, any statement of cost or cost of production in any invoice, affidavit, declaration, or other document to the contrary notwithstanding;

\*          \*          \*          \*          \*          \*          \*

SEC. 503. DUTIABLE VALUE.

(a) GENERAL RULE.—Except as provided in section 562 of this Act (relating to withdrawal from manipulating warehouses) and in subdivision (b) of this section, the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the entered value or the final appraised value, whichever is higher.

When the case was called for trial counsel for the Government moved to dismiss the protests upon the ground that they were directed against the action of the appraiser in valuing the merchandise, and that the remedy for appellant if he felt aggrieved should have been by appeal for reappraisement. For that reason counsel for the Government contended that the court was without jurisdiction to entertain the protests. No testimony was taken at that time. Subsequently, in its opinion the trial court denied the motion "for the reason that a protest against a liquidation based upon what is alleged in such protest to be a void appraisement, is a proper procedure and one over which this court has jurisdiction." The court further decided the merits of the case from an examination of the entries, invoices and other papers transmitted to the court by the collector, stating that they failed to disclose any merit in the protests. The court in this connection stated "It appears that in each case the entered value included the charges in question. There is no claim of clerical error or that the entry was made under duress." The court concluded that pursuant to the terms of section 503 of said tariff act the collector was bound to assess duty upon the entered value, which was the value found by the appraiser, and rendered judgment for the defendant.

A motion for rehearing was granted and subsequently the appellant produced two witnesses who testified concerning the circumstances under which the entries were made.

The record discloses through the testimony of appellant's witnesses that the imported merchandise was known as slide fasteners "commonly called zippers" purchased in Japan through a commissionaire; that an association composed of commissionaires was organized in Japan for the purpose of regulating trade practices by eliminating price-cutting among themselves; that the name of the association translated into English was The Japanese Slide Fastener Association or Japanese Slide Fasteners for America; that the members paid dues to the association according to the amount of business they did; and that those dues or fees were not included in the prices quoted by manufacturers of the involved merchandise.

It also appears that at the time certain of the involved entries were made the fees were omitted from the value of the merchandise and that representations were made by the importer that such fees were not dutiable, but that the appraiser informed the importer that such fees were dutiable charges and unless they were included by the importer in the entry the appraiser would add them as part of the dutiable charges. The importer accordingly amended the entries.

As to the other entries the importer included the fees at the time of entry for the stated reason that if he had not done so the appraiser would have reported those items as dutiable and the importer would not have been able to obtain possession of the examination packages.

The trial court in its decision on the merits held that there was no evidence of legal duress in the making of the entries which would invalidate the appraisement. It further held that the importer was not obliged to include any nondutiable item in its entered value, but could make its entries at what in its opinion was the correct value and appeal for reappraisement if an advance were made by the appraiser. In rejecting the importer's claim that the inclusion of the fee items in the dutiable value was a function of the collector and not the appraiser the court cited and quoted from *L. Heller & Son (Inc.)* v. *United States*, 20 C. C. P. A. (Customs) 257, T. D. 46058. The protests were overruled, and this appeal was taken.

The appellant contends here that the entries are not legal as they were made under duress; that it is the function of the collector to ascertain dutiable value; and that the fees appearing upon the invoices are not dutiable charges.

The Government contends that the protests do not state a good cause of action and that appellant was not subject to any legal duress in the filing of the entries.

In its contention that the involved entries are not legal appellant relies principally upon the case of *Stein* v. *United States*, 1 Ct. Cust. Appls. 36, T. D. 31007 (19 Treas. Dec. 1059). It also cites the case of *United States* v. *Spingarn Bros.*, 5 Ct. Cust. Appls. 2, T. D. 34002 (25 Treas. Dec. 658).

We do not deem it necessary to discuss either of those cases for the reason that under the Tariff Act of 1922 this court decided the case of *Ciba Co. (Inc.)* v. *United States*, 14 Ct. Cust. Appls 309, T. D. 41913, in which it distinguished between the provisions of that act and the prior tariff acts as to the respective duties of the collector and the appraiser in ascertaining dutiable costs. The decision in the *Stein* case, *supra*, was under the tariff act of July 24, 1897, and that of the *Spingarn* case, *supra*, under the tariff act of August 5, 1909.

In the *Ciba* case, *supra*, it was definitely held by this court that under the Tariff Act of 1922 it was the duty of the appraiser to ascertain dutiable costs and charges as well as the *per se* value of imported merchandise, and that the collector was bound to assess duty on the final appraised value unless it was less than the entered value, except as specified in sections 503 and 489 of the Tariff Act of 1922.

In that case it was pointed out as follows:

The value to be ascertained by the appraiser is defined in section 402 of the Tariff Act of 1922. It is unnecessary for the purposes of this case to discuss in detail the provisions thereof. It is sufficient to say that the duties of the appraiser in the appraisement of imported merchandise have been materially changed by such provisions. Where dutiable costs and charges are proper elements to be considered in ascertaining the value of merchandise, such costs and charges are now included in the value to be ascertained by the appraiser. Under prior tariff acts it was the duty of the collector to ascertain such dutiable costs and charges and include them as a part of the dutiable value of the merchandise. For this reason it was necessary for the Congress in defining the duties of the collector to prescribe that duties should be assessed upon the value returned upon final appraisement. This it did in section 503. * * *.

The decision in the *Ciba* case, *supra*, was the law when the Tariff Act of 1930 was enacted, and since the statutory provisions therein were reenacted without substantial change the doctrine announced in that case must have met with legislative sanction, which constituted a legislative approval of judicial construction. *Columbia Malleable Castings Corp.* v. *United States*, 31 C. C. P. A. (Customs) 14, C. A. D. 243. Therefore, the law as interpreted in the *Ciba* case, *supra*, is determinative of the issue here.

It is clear from the record herein that there was merely a difference of opinion between appellant and the appraiser as to the dutiable status of the involved charges. That the opinion of the appraiser might be erroneous goes without saying. This, however, is not sufficient to make void and illegal his appraisement. It is plainly the duty of the importer to enter his goods at what he believes to be their proper dutiable value. If in the opinion of the appraiser such entry does not set out the proper dutiable value it is his function to advance it to such value. If the importer feels that the appraiser has erred he has his clear statutory remedy for a judicial determination of the proper dutiable value by an appeal for a reappraisement. He

also has a right under the statute to apply for remission of additional duties which may have been assessed against the merchandise by reason of undervaluation. Therefore his rights are entirely protected. The rights of the Government are likewise protected in that if the collector should be dissatisfied with the value found by the appraiser he may appeal for a reappraisement. Since no appeal for reappraisement was taken by either of the parties hereto the appraisal became final and binding upon all parties. Section 501.

We cannot agree with appellant that the valuation of imported goods made by the appraiser is merely advisory to the collector, in view of section 503 of the involved act. See the *Ciba* and *Heller* cases, both *supra*.

In our opinion the collector properly assessed duty upon the entered value, at which amount the merchandise was appraised by the appraiser.

The judgment appealed from is *affirmed*.